**ORAL ARGUMENT NOT YET SCHEDULED
IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

-------------------------------------------------------------

| | |
|---|---|
| Novartis Pharmaceuticals Corporation, *et al.,* | § § § |
| *Plaintiffs-Appellants-Cross Appellees*, | § § § § |
| *v.* | § § Nos. 25-5177, 25-5179, 25-5221, 25-5223, 25-5224, 25-5226 |
| Robert F. Kennedy, Jr., in his official capacity as Secretary, United States Department of Health and Human Services, *et al.,* | § § (consolidated) § § § § |
| *Defendants-Appellees*, | § § § |
| and | § § |
| 340B Health, et al., | § § § |
| *Intervenor-Defendants-Appellees Cross Appellants*. | § § § § § |

-------------------------------------------------------------

## RESPONSE TO MOTION TO DISMISS CROSS-APPEAL

Contrary to the position of Plaintiff-Appellants-Cross-Appellees, Bristol Meyers Squibb (BMS), Novartis Pharmaceutical Company (Novartis), and Eli Lilly and Company and Lilly USA (Lilly) (together Plaintiffs), Intervenor-Appellees-Cross-Appellants 340B Health, UMass Memorial Medical Center, and Genesis Healthcare Systems (together Intervenors) brought this cross-appeal to preserve their ability to present their statutory argument that the 340B statute does not permit rebate models. Plaintiffs' Motion to Dismiss relies on a misunderstanding of both blackletter law and the district court's judgment. Intervenors are not, as Plaintiffs contend, attempting to intentionally delay these proceedings (their cross-appeal will add a mere two weeks to the schedule) nor gain extra words; they are instead preserving their ability to present an argument central to this case: whether the 340B statute permits rebate models at all. Plaintiffs' Motion to Dismiss should be denied, and Intervenors should be allowed to brief their statutory arguments, ensuring there is a "full adversarial presentation of issues." *See Shatsky v. Palestine Liberation Org.,* 955 F.3d 1016, 1030 (D.C. Cir. 2020) (explaining the value of cross-appeals).

## BACKGROUND

The 340B Program requires, as a condition of participating in Medicaid and Medicare Part B, that pharmaceutical manufacturers sell outpatient drugs at a substantially discounted price to certain public and not-for-profit hospitals, community health centers, and other federally funded clinics that serve communities

with a large number of low-income patients (340B Providers, described in the statute as "covered entities"). Since the 340B Program's inception in 1992, manufacturers, including Plaintiffs, effectuated the required discounted price by offering an upfront reduction in the price of 340B drugs. In the fall of 2024, Plaintiffs, and two other manufacturers, Johnson & Johnson HealthCare Systems Inc. (J&J) and Sanofi-Aventis, U.S. LLC (Sanofi), announced their intention to impose a rebate model on 340B Providers, which would require 340B Providers, which often operate at low or even negative margins, to pay the full price for the 340B drug upfront and then, at a later time and if the manufacturer decides it is appropriate, be reimbursed the difference between the full price and the 340B discount price through a rebate.

The Health Resources and Services Administration (HRSA), the Department of Health and Human Services (HHS) agency charged with overseeing the 340B Program, informed Plaintiffs, J&J, and Sanofi that they could not implement their proposed rebate models. HRSA stated that the 340B statute provides the Secretary of HHS the discretion to determine whether a rebate model is permissible, and that Plaintiffs could not implement the model without prior approval from the Secretary of HHS. Plaintiffs sued HRSA, HHS, the Secretary of HHS, and the HRSA administrator (the government Defendnats), and UMass Memorial Medical Center, Genesis Healthcare System, and 340B Health (together Intervenors) were granted leave to intervene as defendants.

All parties moved for summary judgment. Plaintiffs argued that "HRSA's asserted preapproval authority lacks any statutory basis" and if the ability to preapprove a rebate model existed, it must be exercised in a pharmaceutical pricing agreement. Lilly Mot. for Summ. J. at 26-30, 24-cv-3220 (Dkt. No. 15-1); BMS Mot. for Summ. J. at 25-27, 24-cv-3337 (Dkt. No. 17-1); Novartis Mot. for Summ. J. at 21, 25-cv-117 (Dkt. No. 12-1). The government argued that manufacturers could not impose a rebate model without the Secretary of HHS' approval. Gov. Mot. for Summ. J. at 10, 24-cv-3220, (Dkt. No. 35-1).[1] Intervenors argued that the 340B statute does not permit rebate models and instead requires manufacturers to provide an upfront discount to 340B Providers. Intervenors Mot. for Summ. J. at 18, 23-cv-3220, (Dkt. No. 36-1). In the alternative, Intervenors argued that if the 340B statute did permit HRSA to approve a rebate model, HRSA's rejection of Plaintiffs' proposed rebate models was not arbitrary and capricious. *Id.* at 39.

The District Court agreed with the government. It granted the government's Cross-Motion for Summary Judgment and "granted in part and denied in part" Intervenors' Cross-Motion for Summary Judgment. Order at 1, 24-cv-3220 (Dkt. No. 55). The District Court stated, "[t]o the extent that intervenors seek a declaration

---

[1] All four manufacturer Plaintiffs filed separate opening motions for summary judgment. By minute order on February 25, 2025, the district court ordered the parties to submit joint briefs on dispositive motions and the motion to intervene, so Intervenors cite only to the Lilly docket, 24-cv-3220, for ease.

that rebates are categorically prohibited under the 340B statute, that portion of their motion is denied." *Id.*

On May 20, 2024, Plaintiffs BMS and Novartis appealed. 24-cv-3337 (Dkt. No. 66); 25-cv-117 (Dkt. No. 53). On June 3, 2025, BMS and Novartis filed an emergency motion to consolidate the appeal and expedite the cases. Intervenors took no position on expedition. On June 10, 2025, the Clerk granted the motion to consolidate and expedite the cases. On June 12, 2025, Lilly filed a Notice of Appeal. 24-cv-3220 (Dkt. No. 62). On June 13, 2025, Intervenors filed Notices of Cross-Appeal in BMS, Novartis, and Lilly. 24-cv-3220 (Dkt. No. 62); 24-cv-3337 (Dkt. No. 66); 25-cv-117 (Dkt. No. 59).

## ARGUMENT

## I.     The Cross-Appeal is Required in Order for Intervenors to Present Their Statutory Arguments.

Two black letter law principles require Intervenors to bring this cross-appeal. First, "an appellee cannot without a cross-appeal attack a judgment entered below." *El Paso Nat. Gas Co. v. Neztsosie*, 526 U.S. 473, 480 n.3 (1999) (quoting *Helvering v. Pfeiffer*, 302 U.S. 247, 250–51 (1937)). The Supreme Court has "repeatedly expressed the rule in emphatic terms." *Id.* The district court "denied in part" Intervenors' Cross-Motion for Summary Judgment. Judgment, 24-cv-3220 (Dkt. No. 55) at 1. Specifically, the district court "denied" the portion of the argument relating to the very argument that Intervenors wish to press here—that rebates are

impermissible under the text of the 340B statute. *Id.* Therefore, Intervenors were required to file an appeal to make that argument in front of this Court.

Plaintiffs attempt to gloss over the denial of Intervenors' Cross-Motion for Summary Judgment by claiming that "the District Court was simply incorrect that it had denied Intervenors [sic] summary judgment in part." Pls.' Mot. at 10. Plaintiffs imply that the district court actually granted the Intervenors' Cross-Motion for Summary Judgment because the district court rejected Plaintiffs' claims, the result Intervenors argued for in their Cross-Motion for Summary Judgment. Nonetheless, the district court denied in part Intervenors' Cross-Motion for Summary Judgment. But Plaintiffs cannot re-write the district court's judgment. And, as Plaintiffs point out, parties appeal a district "court's *judgment*" and "not a district court's reasoning." *Jennings v. Stephens*, 574 U.S. 271, 277 (2015) (emphasis in the original).

Second, Intervenors were required to bring a cross-appeal because, rather than only providing an alternative ground for affirmance, their argument would expand the judgment to their benefit and lessen Plaintiffs' rights by categorically prohibiting them from imposing a rebate model. *E.g., Jennings*, 574 U.S. at 276 ("an appellee who does not cross-appeal may not 'attack the decree with a view either to enlarging his own rights thereunder or of lessening the rights of his adversary.'"); *El Paso Nat. Gas Co.*, 526 U.S. at 479; *Shatsky,* 955 F.3d at 1028 ("parties seeking to press arguments that would change or modify the district court's judgment to their benefit

must cross-appeal") (internal citations omitted) (collecting cases). Intervenors contend that the 340B statute does not permit a rebate model, regardless of HRSA's approval. If that view is accepted by this Court, then Intervenors and the 340B Providers represented by Intervenor 340B Health will be protected from Plaintiffs' proposed rebate models (and the harm those rebate models will impose upon 340B Providers), regardless of the stance that the Secretary of HHS takes on any given day or in any administration. That protection would expand the judgment to their benefit. It also necessarily limits the rights of Plaintiffs, who will be categorically prohibited from imposing their proposed rebate model. Intervenors were therefore required to file this cross-appeal. *Greenlaw v. United States*, 554 U.S. 237, 244–45 (2008) ("an appellate court may not alter a judgment to benefit a nonappealing party."); *Freeman v. B & B Assocs.*, 790 F.2d 145, 151 (D.C. Cir. 1986) ("the failure to file a cross-appeal ordinarily precludes review where an appellee seeks to enlarge his rights or lessen those of an adversary."). And the failure to cross-appeal on this issue would have precluded Intervenors from raising their statutory argument on appeal. *Grimes v. D.C.,* 836 F.2d 647, 652 (D.C. Cir. 1988).

Because Intervenors' rights would be enlarged and Plaintiffs' rights would be lessened under Intervenors' statutory interpretation argument, the cases cited by Plaintiffs in support of dismissal are inapposite. *E.g., Harriman v. Associated Indus. Ins. Co., Inc.*, 91 F.4th 724, 728 (4th Cir. 2024) (party seeking to cross-appeal "was

not adversely affected by [the] judgment in any way"); *Crocker v. Piedmont Aviation, Inc.*, 49 F.3d 735, 741 (D.C. Cir. 1995) (refusing to find that a party had waived an argument where the party did not bring an argument that could have been raised on previous appeals and discussing the procedural complications that arise from cross-appeals); *G. David Jang, M.D. v. Bos. Sci. Corp.*, 872 F.3d 1275, 1290 (Fed. Cir. 2017) (litigant's cross-appeal did not seek to enlarge district court's judgment in its favor).

However, if this Court concludes that a cross-appeal is not necessary for Intervenors to make their statutory arguments, Intervenors request that they be permitted to present their statutory interpretation question in their role as appellees. *G. David Jang, M.D.*, 872 F.3d at 1290.

## II.     Intervenors Have Standing to Appeal.

Intervenors have standing to appeal the district court's judgment. A brief explanation of the Intervenors' standing in the district court demonstrates why Intervenors "retain[] the necessary personal stake in the appeal," which, as the Supreme Court has explained, is the "critical question under Article III." *Camreta v. Greene*, 563 U.S. 692, 702 (2011) (citing *Deposit Guaranty Nat'l Bank v. Roper*, 445 U.S. 326, 332–36 (1980)). If Plaintiffs' proposed rebate models are permitted, which, under the district court's judgment is possible at any time, then Intervenors will be harmed. 340B Providers represented by Intervenor 340B Health, including

Intervenors UMass and Genesis, would incur "additional upfront costs to pay the full sticker prices for the 340B drugs." Order Granting Mot. to Intervene at 3, 24-cv-3220 (Dkt. No. 33).

    As the district court noted, those additional costs "would render UMass 'unable to continue funding some or all of its community programs…'" and "Genesis would be forced to cut some of its assistance programs in order to afford the additional upfront costs." *Id.* (citing Desai Decl. ¶¶ 18–19, 21, Dkt. 18-4). The district court found that "even if manufacturers would reimburse 340B hospitals on the back end, Genesis and UMass would still have to divert resources from other programs to pay the initial upfront costs." *Id.* at 3–4 (internal citations omitted). The district court concluded that those costs were a "sufficiently concrete and particularized burden" and that "[b]ecause the successful disposition of the plaintiffs' suit would necessarily result in the implementation of the rebate model with associated economic harms" to 340B hospitals, Intervenors had "sufficiently alleged an injury in fact fairly traceable to the plaintiffs' requested relief and redressable by a judicial decision denying such relief." *Id.* at 4.

Plaintiffs argue that that the district court's judgment removes that potential harm. But Plaintiffs misunderstand the district court's decision. The district court granted the government's Cross-Motion for Summary Judgment "at this time." Summ. J. Opinion at 29, 24-cv-3220 (Dkt. No. 54). The district court found that

HRSA had pre-approval authority over Plaintiffs' proposed rebate models but stated that because HRSA was continuing to evaluate Plaintiffs' proposed rebate models, it would be "premature . . . to decide at this juncture whether HRSA has considered all relevant factors with respect to the proposals presented by Lilly, Novartis, BMS, and Kalderos." *Id.* In fact, the government Defendants filed a notice in the district court that HHS "continues to carefully evaluate its options alongside ongoing efforts to address 340B program integrity matters and keeping in mind the approaching effective date of certain Inflation Reduction Act requirements." HHS Notice, 24-cv-3220, Dkt. No. 48. The government Defendants further stated that HHS expected to be in a position to "provide guidance for stakeholders in thirty days." No such guidance has been publicly released. The district court's judgment therefore has not upheld HRSA's decision to block the Plaintiffs' proposed rebate models but instead maintained HRSA's discretion to provide for a rebate model.

Plaintiffs argue that any injury from the rebate model "would be traceable to HRSA's decision to approve the cash-rebate model, not the District Court's judgment in these cases." Pls.' Mot. to Dismiss at 12. That assertion is both factually and legally flawed. Intervenors' injury would arise from *both* the district court's judgment and HRSA's decision. Had the district court accepted Intervenors' statutory interpretation argument, HRSA would have no ability to permit the rebate models. Additionally, the Supreme Court has repeatedly rejected Plaintiffs' theory

of traceability, finding instead that a litigant has standing to appeal if a judgment below *permits* the government to issue a decision that would harm the litigant. *Food Mktg. Inst. v. Argus Leader Media*, 588 U.S. 427, 433 (2019) (rejecting argument that a petitioner's "injury is not redressable because a favorable ruling would merely restore the government's *discretion*" where the government may grant petitioners relief or "just as easily choose" not to) (emphasis in original); *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 151–52 (2010) (rejecting argument that petitioners lacked standing to appeal because petitioners' alleged injury would only occur if as a result of an agency decision that "may or may not come out in favor" of petitioner). This is because a litigant has standing to appeal when a judgment may result in future harm. *Camreta*, 563 U.S. at 702 (finding standing where a "judgment may have prospective effect on the parties."); *see Agudas Chasidei Chabad of United States v. Russian Fed'n*, 110 F.4th 242, 248–49 (D.C. Cir. 2024) (a litigant has standing to appeal a dismissal without prejudice in order to seek dismissal with prejudice because a dismissal "without prejudice subjects the defendant to the risk of further litigation") (cleaned up). Because the district court's judgment affirmed HRSA's discretion to approve or deny a rebate model, which HRSA may use "just as easily" to permit Plaintiffs' proposed rebate models as to reject them, as indicated by the government Defendants' notice to the district court, Intervenors' injury is

traceable to the district court's judgment and redressable by this Court. *See Food Mktg.*, 588 U.S. at 433.

A favorable decision by this Court endorsing Intervenors' argument that the 340B statute does not permit rebate models, would provide the relief that Intervenors seek: the certainty that they will not be forced to incur the expenses that Plaintiffs' rebate models would impose.

At bottom, because Intervenors have a personal stake in this litigation, they have standing to appeal. *Camreta*, 563 U.S. at 702 ("So long as [Intervenors] possess the personal stake . . . an appeal presents a case or controversy, no matter that the appealing party was the prevailing party below."); *id.* (a "sufficient 'interest in the outcome of a [litigated] issue'. . . present[s] a case or controversy.").

## Conclusion

The Court should deny Plaintiffs' Motion to Dismiss Intervenors' Cross-Appeal.

Dated: July 3, 2025

Respectfully submitted,

*/s/ William B. Schultz*

_____

William B. Schultz
Margaret M. Dotzel
Courtney Christensen
ZUCKERMAN SPAEDER LLP
2100 L Street NW, Suite 400
Washington, DC 20037
Tel: (202) 778-1800
Fax: (202) 822-8106
wschultz@zuckerman.com
mdotzel@zuckerman.com
cchristensen@zuckerman.com

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limits of Fed. R. App. P. 27(d)(2) because this document contains 2,539 words. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared using 14-point Times New Roman with proportional spacing.

*/s/ William B. Schultz*

_____

William B. Schultz

## CERTIFICATE OF SERVICE

I certify that on July 3, 2025, I filed the foregoing with the Clerk of the Court using the ECF System, which will send notification of such filing to the registered participants identified on the Notice of Electronic Filing.

*/s/ William B. Schultz*

_____
William B. Schultz