**ORAL ARGUMENT NOT YET SCHEDULED**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| Novartis Pharmaceuticals Corporation, *et al.*, <br><br>         Plaintiffs-Appellants-Cross-Appellees, <br><br> v. <br><br> Robert F. Kennedy, Jr., in his official capacity as Secretary, United States Department of Health and Human Services, *et al.*, <br><br>         Defendants-Appellees-Cross-Appellees, <br><br> and <br><br> 340B Health, *et al.*, <br><br>         Intervenors-Defendants-Appellees-Cross-Appellants. | Nos. 25-5177, 25-5179, 25-5220, 25-5221, 25-5223, 25-5224, 25-5226 (consolidated) |

**REPLY IN SUPPORT OF EMERGENCY MOTION TO DISMISS CROSS-APPEALS**

Intervenors' opposition leaves little distance between the parties. Intervenors contend they need their cross-appeals to argue that Section 340B requires manufacturers to use discounts instead of rebates to effectuate the 340B price. *See*

1

Opp. 1, 4-7.  But Plaintiffs do not disagree that Intervenors can make that argument in their appellee brief.  Mot. 14-15.  And Plaintiffs have agreed that if Intervenors succeed in their statutory arguments, Intervenors would obtain what they seek—a circuit decision holding that HRSA cannot approve rebate models to effectuate the 340B price.  *See* Mot. 8-9.

That makes Intervenors' cross-appeals nothing more than an improper request for extra words in their principal appellee brief and an additional cross-reply brief.  Intervenors' proposal would add two weeks—and as many as 26,000 more words—to an already expedited schedule that Intervenors previously did not oppose—all so they could present alternative grounds for affirmance that the District Court dismissed in a footnote, *see* JA389 n.11, and that can be made in Intervenors' principal appellee brief.  Intervenors' contrary arguments misunderstand the case's procedural posture.  Plaintiffs received no relief and Intervenors had no affirmative claims on which the District Court could grant them relief.  There is therefore no way that this Court's judgment could expand Intervenors' rights or lessen Plaintiffs' rights under the District Court's judgment, making Intervenors' cross-appeals improper.

If that were not enough, Intervenors do not have standing to appeal the District Court's judgment in their favor.  Intervenors have not shown there is any imminent risk of harm to them, or that any harm they fear is traceable to the District Court's

judgment as opposed to some future HRSA approval of a cash-rebate model.

The Court should dismiss the cross-appeals.

## ARGUMENT

**I. INTERVENORS' CROSS-APPEALS ARE IMPROPER BECAUSE THIS COURT CANNOT GRANT PLAINTIFFS LESS RELIEF OR GRANT INTERVENORS MORE RELIEF THAN THEY RECEIVED BELOW.**

1. Plaintiffs and Intervenors agree on the relevant legal standard. A cross-appeal is proper if the cross-appellant "attack[s] the decree with a view either to enlarging [its] own rights thereunder or of lessening the rights of [its] adversary." *El Paso Nat. Gas Co. v. Neztsosie*, 526 U.S. 473, 479 (1999) (quoting *United States v. American Ry. Exp. Co.*, 265 U.S. 425, 435 (1924)). By contrast, a cross-appeal is improper, and should be dismissed, if "the party simply presents alternative bases for affirmance." *Crocker v. Piedmont Aviation, Inc.*, 49 F.3d 735, 741 (D.C. Cir. 1995); *see also* Mot. 7.

Intervenors contend that their cross-appeals seek to enlarge their own rights and lessen Plaintiffs' rights under the judgment because they seek a ruling that HRSA can *never* authorize a manufacturer to effectuate the 340B price through a rebate. *See* Opp. 5-7. But Intervenors' contentions "confuse[] a party's rights under a judgment . . . with preclusive effects that the judgment might have in future proceedings." *Jennings v. Stephens*, 574 U.S. 271, 278 (2015).

3

The only claims at issue in these appeals are Plaintiffs' claims under the Administrative Procedure Act seeking to set aside HRSA's disapprovals of their cash-rebate models. *See* JA121-123, 155-158, 195-202, 240-244. The District Court's judgment denied Plaintiffs relief on all of their claims, so nothing this Court does in this appeal could *lessen* Plaintiffs' rights under the judgment. *See* JA368-370. Intervenors, meanwhile, did not assert cross-claims against HRSA, so nothing this Court does in this appeal can *expand* Intervenors' rights under the District Court's judgment. All Intervenors could receive from this Court is the preservation of what they got below—rejection of Plaintiffs' claims.

2. Intervenors nonetheless urge that if the Court agrees with their interpretation of Section 340B(a)(1), "Intervenors and the 340B Providers represented by Intervenor 340B Health will be protected from Plaintiffs' proposed rebate models . . . , regardless of the stance that the Secretary of HHS takes on any given day or in any administration." Opp. 6. But the protection Intervenors will receive is not a modification of the judgment; it is a modification of the issue-preclusive and precedential effect of the judgment. The key difference is this: If Intervenors' statutory arguments succeed, nothing about the judgment in *this* case will change; the Court will affirm. It is only in *future* cases that Intervenors' victory could potentially have meaning.

4

That confirms that Intervenors' case is just like *Jennings*, where the Supreme Court held that an argument that merely changes a judgment's preclusive effects is an alternative ground for affirmance and does not require a cross-appeal to press. 572 U.S. at 278-279. Yet even though Plaintiffs explicated *Jennings*' distinction between judgment-modifying arguments and preclusive-effect-modifying arguments, *see* Mot. 9-10, Intervenors did not bother to distinguish the case. Their silence is telling.

3. Intervenors ultimately hang their hat on the District Court's denial of Intervenors' summary-judgment motion in part, with Intervenors believing that they can cross-appeal to reverse that denial. *See* Opp. 4-5. But judgments are given "a practical rather than a technical construction" for appellate purposes, and this Court should consider "the practical effect of the order at the time it was entered." *Limnia, Inc. v. United States Dep't of Energy*, 857 F.3d 379, 385 (D.C. Cir. 2017) (Kavanaugh, J.) (citation omitted). For all the reasons explained, although the District Court stated it denied Intervenors' motion in part, the District Court's judgment did not actually deny Intervenors any relief. *See supra* pp. 3-4, *see also* Mot. 10-11.

## II.   INTERVENORS DO NOT HAVE STANDING TO APPEAL.

The Court can dismiss Intervenors' cross-appeals as explained above without addressing whether Intervenors have standing to appeal. *See* Opp. 7-11. But if the

5

Court reaches the standing issue, Intervenors are wrong that the District Court's judgment—which they concede blocks the harms on which their standing below was based, *see* Opp. 7—causes them imminent harm permitting them to invoke this Court's appellate jurisdiction.

Primarily, Intervenors contend that although the District Court's decision does not harm them directly, the judgment creates the risk that HRSA might, in the future, approve a cash-rebate model that *will* harm them. *See* Opp. 8-9. But standing requires "evidence of the imminent nature of a specific harm to a specific party when an actual harm is absent." *American Chemistry Council v. Department of Transp.*, 468 F.3d 810, 820-821 (D.C. Cir. 2006). Intervenors have not produced any evidence that HRSA will *ever* approve a cash-rebate model that will impose additional costs on them, much less that HRSA will do so imminently. As Intervenors observe (at 9), HRSA has not released any guidance on cash-rebate models, and it is speculative that Plaintiffs' models would be approved under whatever guidance HRSA ultimately issues.

Intervenors are also wrong that any injury from HRSA's potential later approval of a cash-rebate model is traceable to the District Court's judgment. *See* Opp. 9-11. Intervenors contend that they have standing so long as the District Court's decision "*permits* the government to issue a decision that would harm the litigant," whether the government would actually issue the decision or not. Opp. 10.

6

In fact, in both of Intervenors' cases, the record was clear that the government *would* issue a decision that benefitted the appellant if the offending judgment were reversed in a way favorable to the appellant. *See Food Mktg. Inst. v. Argus Leader Media*, 588 U.S. 427, 433 (2019) (agency "represented unequivocally that, consistent with its longstanding policy and past assurances of confidentiality to retailers, it 'will not disclose' the contested data unless compelled to do so by the district court's order"); *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 152 (2010) (concluding that the Court "need not decide whether or to what extent a party challenging an injunction that bars an agency from granting certain relief must show that the agency would be likely to afford such relief if it were free to do so" because, on the facts before the Court, it was clear the agency would grant relief if it could). Here, by contrast, no one knows how HRSA will use the discretion the District Court's opinion affords it with respect to Plaintiffs' cash-rebate models (or rebate models generally).

Finally, Intervenors' reliance (at 7, 11) on *Camreta v. Greene*, 563 U.S. 692 (2011) is inapt. In *Camreta*, the government-official defendant's future conduct was inhibited by the court of appeals' conclusion that the official had violated the Constitution; the official "must either change the way he performs his duties or risk a meritorious damages action." 563 U.S. at 703. It is "[o]nly by overturning the ruling on appeal [that] the official [can] gain clearance to engage in the conduct in

7

the future." *Id.* But the District Court's holding that HRSA may approve rebate models does not require Intervenors to change how they do business or subject them to damages if they do not. And Intervenors do not need to set aside the District Court's opinion to obtain permission to do anything; until HRSA approves a rebate model, Intervenors will not suffer any of the alleged harms they fear. Unlike the government official in *Camreta*, Intervenors are subject to the usual rule that "mere precedential effect within an agency is not, alone, enough to create Article III standing, no matter how foreseeable the future litigation." *Sea-Land Serv., Inc. v. Department of Transp.*, 137 F.3d 640, 648 (D.C. Cir. 1998).

## CONCLUSION

For the foregoing reasons and those in the motion, Intervenors' cross-appeals should be dismissed.

|  | Respectfully submitted, |
|---|---|
|  | /s/ Sean Marotta |
| JOHN C. O'QUINN | SUSAN M. COOK |
| MEGAN MCGLYNN | SEAN MAROTTA |
| KIRKLAND & ELLIS LLP | KEENAN ROARTY |
| 1301 Pennsylvania Avenue, N.W. | HOGAN LOVELLS US LLP |
| Washington, D.C. 20004 | 555 Thirteenth Street, N.W. |
| (202) 389-5000 | Washington, D.C. 20004 |
|  | Telephone: (202) 637-4881 |
| *Counsel for Eli Lilly and* | Facsimile: (202) 637-5910 |
| *Company and Lilly USA, LLC* | sean.marotta@hoganlovells.com |
|  | |
|  | JACKSON B. SKEEN |
|  | HOGAN LOVELLS US LLP |
|  | 125 High Street |
|  | Suite 2010 |
|  | Boston, MA 02110 |
|  | |
|  | *Counsel for Novartis Pharmaceuticals Corporation, Bristol Myers Squibb Company, Eli Lilly and Company, and Lilly USA, LLC* |

July 10, 2025

## CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limits of Fed. R. App. P. 27(d)(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 1,556 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Office 365 in 14-point Times New Roman.

/s/ Sean Marotta  
Sean Marotta

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2025, the foregoing was electronically filed through this Court's CM/ECF system, which will send a notice of filing to all registered users.

/s/ Sean Marotta
Sean Marotta