

**U.S. Department of Justice**

Civil Division, Appellate Staff
950 Pennsylvania Ave. NW, Rm. 7513
Washington, DC 20530

---

Maxwell A. Baldi                                                                                    (202) 532-0211
maxwellbaldi@usdoj.gov

December 31, 2025

Clifton Cislak, Clerk
United States Court of Appeals for the D.C. Circuit
E. Barrett Prettyman U.S. Courthouse
333 Constitution Ave., NW
Washington, DC 20001

Re:   *Novartis Pharmaceutical Corp. v. Kennedy*, No. 25-5177
      *Bristol Myers Squibb Co. v. Kennedy*, No. 25-5179
      *Kalderos, Inc. v. Kennedy*, No. 25-5220
      *Eli Lilly & Co. v. Kennedy*, Nos. 25-5221
      (oral argument heard Nov. 17, 2025)

Dear Mr. Cislak:

    We write in response to plaintiffs' Rule 28(j) letter notifying this Court of the decision issued in *American Hospital Ass'n v. Kennedy*, No. 2:25-cv-600, (D. Me. Dec. 29, 2025) (*AHA*).

    *AHA* involves a challenge brought by covered entities to the 340B rebate pilot program. The district court preliminarily enjoined the government from implementing rebate schemes approved under the pilot program because it concluded that the government had not sufficiently considered covered entities' reliance interests and compliance costs. Slip op. 12-18. That conclusion rested on the district court's misunderstanding of core principles of administrative law, and the government has appealed and sought a stay pending appeal. *See* Stay Motion, *American Hospital Ass'n v. Kennedy*, No. 25-2236 (1st Cir. Dec. 30, 2025).

Notably, however, the *AHA* court did not question the Secretary's authority to authorize rebates, *see* slip op. 2, or to require manufacturers to obtain his approval before implementing rebates. Thus, it is not clear what bearing that decision has on this case, which turns on a question of statutory interpretation.

While the government seeks to enable manufacturers to deduplicate 340B and Negotiation Problem discounts through rebates, plaintiffs have other deduplication options available to them.[1] *See* CMS, Medicare Drug Price Negotiation Program: Final Guidance, at § 40.4, pp. 195-232 (Oct. 2, 2024), https://perma.cc/CST8-3AU6. The government, therefore, takes no position on the timing of this Court's issuing its judgment.

Sincerely,

*/s/ Maxwell A. Baldi*
Maxwell A. Baldi

cc:   All counsel of record (by CM/ECF)

---

[1] Plaintiffs attribute to the district court the observation that "manufacturers subject to both the Inflation Reduction Act's Drug Price Negotiation Program and the 340B Program have no way to accurately de-duplicate price concessions for prescriptions subject to both programs once the Negotiation Program goes into effect on January 1, 2026." 28(j) Letter 1 (citing JA379-80). The district court made no such finding, and the cited pages of the record simply recite plaintiffs' view of the deduplication problem without endorsing it. *See* JA379-80; *see also* JA387 (noting "prospect" of duplicate discounts); JA390 (similar); JA398 (again reciting plaintiffs' view of problem).